Commonwealth of Virginia

v.

George Varnadoe

March 21, 1995

Case No. (Criminal) 9417

BY JUDGE THOMAS D. HORNE

The Defendant in this case seeks to suppress the contents of a piece of luggage carried by the Defendant. When approached by a DEA Task Force Officer in a tunnel leading from the Dulles International Airport, Mr. Varnadoe readily consented to the search of a suitcase he was carrying. He claimed that it was the property of someone else. The Defendant informed the officer that he knew neither the name nor the address of the owner. He freely consented to its inspection by the officer.

At no time did the officer physically restrain the Defendant. Under the circumstances, a reasonable innocent person would have felt free to break off the conversation and exit the airport. Consent in this case was not the product of official intimidation or harassment. *Florida v. Bostick,* 501 U.S. 429 (1991). The action of the officer in approaching the Defendant in a public exitway from the terminal did not convey any message that compliance to the officer's inquiries was required or that he might be detained in the event he refused to answer. No seizure of the Defendant had occurred. *Florida v. Royer,* 460 U.S. 491 (1983); *Florida v. Rodriguez,* 469 U.S. 1 (1984). The contact by the officers was but a consensual encounter which involves no Fourth Amendment interest.

Accordingly, the Court finds that under the circumstances of this case, no seizure of Mr. Varnadoe had occurred prior to the opening of the suitcase and that the consent to search was voluntarily given. The motion to suppress will be denied.